IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAN L. COX, JR. :
    Plaintiff : Case No. 2:09-cv-185
:
v. : Judge Mattice / Carter
:
TENNESSEE BOARD OF PROBATION :
AND PAROLE, *et. al.* :
    Defendants :

_____

MEMORANDUM AND ORDER

Plaintiff has moved for appointment of counsel (Doc. 7).

Requests for appointment of counsel are frequently made under 28 U.S.C. § 1915(e). This section is available only for litigants, such as Plaintiff, who proceed *in forma pauperis*. The right to counsel in civil cases is "highly circumscribed, and has been authorized in exceedingly restricted circumstances." *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988). There is a strong presumption that there is no right to counsel unless the litigant may lose his or her freedom if the action is lost. *Id.* (citing *Lassiter v. Department of Social Services of Durham County, North Carolina*, 452 U.S. 18, 26-27 (1981)).

Appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In determining whether "exceptional" circumstances exist to warrant an appointment of counsel, courts evaluate the type of case, the complexity of the factual and legal issues involved, the ability of the litigant to represent himself, and the showing of some likelihood of merit. *Id.* at 606; *Cooper v. A. Sargenti Co., Inc.*, 877

1

F.2d 170, 174 (2nd Cir. 1989) ("[A] threshold showing of some likelihood of merit, should be borne in mind by trial and appellate courts in deciding whether to appoint counsel"). The Sixth Circuit has characterized appointment of counsel in a civil case as "a privilege that is justified only by exceptional circumstances." *Lavado,* 992 F.2d at 606 (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)).

This is a § 1983 action in which Plaintiff objects to procedures that led to revocation of his parole. At this point, there was been no showing of the likelihood of merit in this case. Plaintiff's motion for appointment of an attorney (Doc. 7) is DENIED for the present.

SO ORDERED.

ENTER:

Dated: February 9, 2010                    s/William B. Mitchell Carter
                                           UNITED STATES MAGISTRATE JUDGE

2

Case 2:09-cv-00185-HSM-WBC   Document 8   Filed 02/09/10   Page 2 of 2   PageID #: 35