UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DAN L. COX, JR., # 308516           )
                                     )
v.                                   )        NO. 2:09-CV-185
                                     )        *Mattice/Carter*
TENNESSEE BD. OF PROBATION &         )
PAROLE, RENEA QUAITANCE, *et al.*    )


**MEMORANDUM & ORDER**


Proceeding *pro se*, Dan L. Cox, Jr., now a prisoner in the Northeast Correctional Complex in Mountain City, Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc. 1], and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account,

but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement and to the Commissioner of the Tennessee Department of Correction, to ensure compliance with the above assessment procedures.

The complaint alleges that plaintiff was granted parole on October 5, 2007, and that, fifteen months afterwards, his parole was revoked because he was charged with a misdemeanor offense—writing worthless checks on his own checking account. Plaintiff claims that the snafu with his checking account began when he applied for an online loan and the online company took money out of his account before they tendered him the money, which sent his account into negative territory. He asserts that he received no letters or telephone calls informing him that any checks he had written needed to be taken care of and that the only notification he was given was through service of a summons to appear in court to answer to the charge. When plaintiff went to court to take care of the checks, someone in the district attorney's office told him that, if he pled guilty, he would get 11 months and 29 days on unsupervised probation and be

---

[1] Payments should be mailed to: Clerk's Office, USDC
　　　　　　　　　　　　　　　　　220 W. Depot Street, Suite 200.
　　　　　　　　　　　　　　　　　Greeneville, TN 37743.

assessed the court costs and restitution, plus an extra $25.00 per check. Later, he discovered that a warrant had been issued for his arrest, so he surrendered to the authorities on January 5, 2009.

In mid-February, he appeared in front of the revocation officer, defendant Quaintance, who asked him over and over how he pled to each check, even though she had the paperwork from the court right in front of her. She failed to ask him, however, to identify the rule he had violated. (It was Rule # 2.) Mrs. Quaintance was also aware of the fact that as soon as plaintiff is released, he must complete his 11-month and 29-day term of supervised probation and pay the checks, restitution, and the additional $25.00 per check. This is the only violation he has ever had, having passed every drug test, having maintained a job, and having paid his parole fees. If his parole had not been revoked, he would still have a job and would have paid almost $400 towards his court costs.

Plaintiff argues that the above scenario shows that he has pled twice to the same offense and has, therefore been subjected to double jeopardy. For the alleged violation of his constitutional rights, plaintiff seeks to be placed back on parole so that he may show himself that he can complete parole (which he knows he can) and to be compensated for the work he has missed, which he estimates to be around $9,520. Finally, plaintiff asks the Court's permission to file a motion requesting a stay of his

case, until he is released from confinement and can obtain an attorney to represent him.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If so, this suit must be dismissed.

It is well-settled law that if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 action for damages must be dismissed, unless he can demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Were plaintiff to obtain a judgment finding that he had been wrongfully confined, this of necessity would imply that his parole revocation is not valid. There is no indication that plaintiff's revocation of parole has been ruled invalid and thus, under *Heck*, he fails to state a § 1983 claim for either damages or injunctive relief. *Id*. at 489-90. This lawsuit will be dismissed without prejudice, rendering **MOOT** plaintiff's motion to stay these proceedings. [Doc. 9].

Finally, the court will **CERTIFY** that any appeal from this action would

not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

A separate order of judgment will enter.

**ENTER**:

<u>	/s/Harry S. Mattice, Jr.	</u>
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE